UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                     :

GLOBAL CARBON OPPORTUNITY     :
(CAYMAN) FUND LTD., 1798 CENTER   :
MASTER FUND LTD. and ALTANA      :
PROTECTIVE ALPHA STRATEGY FUND  :         24 Civ. 4562 (LGS)
SLP,                                 :
                                     :
                       Plaintiffs,  :         ORDER
          -against-           :
                                     :
CME GROUP INC. and NEW YORK     :
MERCANTILE EXCHANGE, INC.,      X
                       Defendants.
-------------------------------------------------------------

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Behrens v. JPMorgan Chase Bank, N.A.*, 96 F.4th 202, 207 (2d Cir. 2024); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

      WHEREAS, the Complaint alleges federal question jurisdiction, but Defendant moves to dismiss the CEA claim under Rule 12(b)(6). Were the Court to dismiss the federal claim, jurisdiction would be lacking unless the action satisfies the requirements for diversity jurisdiction. Diversity jurisdiction requires that all of the adverse parties in a suit be completely diverse with regard to citizenship. *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019).

      WHEREAS, a plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir.

2016); *accord Algazali v. Blinken*, No. 23 Civ. 6038, 2025 WL 357721, at *2 (S.D.N.Y. Jan. 31, 2025).

WHEREAS, the Complaint states that Plaintiff Altana Protective Alpha Strategy Fund SLP (the "Altana Fund") is a foreign limited liability company ("LLC") incorporated under the laws of Luxembourg. "The citizenship of a limited liability company is determined by the citizenship of each of its members." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016); *accord Gianetti v. Teakwood, Ltd.*, No. 21-782-CV, 2022 WL 815793, at *1 (2d Cir. Mar. 18, 2022) (summary order). If an LLC's members are also limited liability entities (e.g. LLCs, LLPs and certain trusts), courts must analyze the citizenship of those entities as well. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000); *accord Jean-Louis v. Carrington Mortg. Servs., LLC*, 849 F. App'x 296, 298 (2d Cir. 2021) (summary order). The analysis continues until a non-limited liability entity is identified. It is that entity or person's citizenship that determines diversity jurisdiction. It is hereby

**ORDERED** that by **June 10, 2025**, Plaintiffs shall file a declaration explaining the citizenship of the Altana Fund for the purpose of diversity jurisdiction as described above or a letter stating the basis for any contention that the Altana Fund's citizenship should be determined by other means.

Dated: June 5, 2025
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**